# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-cv-00444-MR

| | |
|---|---|
| **JONATHAN DANIEL SHEPPARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| **CITY OF MONROE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's letter [Doc. 5], which the Court construes as a motion to amend. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9].

**I.    BACKGROUND**

Pro se Plaintiff Jonathan Daniel Sheppard ("Plaintiff") is a pretrial detainee currently held at Union County Jail in Monroe, North Carolina. He filed this action on August 23, 2021, pursuant to 42 U.S.C. § 1983, naming the following Defendants: (1) the City of Monroe; (2) Atrium Main Hospital; (3) Union County; (4) Union County Jail; (5) Bryan Guillard; (6) Trey Robeson; (7) Dan Rogers; (8) Corey Helms, identified as a Charlotte-Mecklenburg Police Department (CMPD) Detective; and (9) Veronica

Guillen, also identified as a CMPD Detective.[1] Plaintiff purports to sue Defendants City of Monroe, Atrium Main Hospital, Union County, and Union County Jail in their individual capacities only. [Doc. 1 at 2-3]. Plaintiff does not state the capacities in which he purports to sue the other Defendants.

Plaintiff alleges the following. On December 5, 2020, Plaintiff was the victim of a house fire. The City of Monroe Police Department responded to the fire. At the scene, the police laughed at Plaintiff, "saying [he] was code 73 (which is code for crazy)." [Doc. 1 at 13]. After police refused to retrieve Plaintiff's belongings, they had Plaintiff transported to Defendant Atrium Main Hospital ("Defendant Hospital") in Charlotte, North Carolina, for smoke inhalation. At Defendant Hospital, Defendant Guillen had hospital workers cut off Plaintiff's clothes without a search warrant and took pictures of Plaintiff. Plaintiff left Defendant Hospital later that day wearing clothes provided by Defendant Hospital. Three days later Plaintiff called Defendant Guillen to give a statement about the fire and she advised Plaintiff to speak with Defendant Helms. Plaintiff arranged to speak with Defendant Helms the next day at the police station. [Id.]. Plaintiff arrived the next day as arranged

---

[1] Plaintiff does not identify Defendants Guillard, Robeson, or Rogers. It appears from the addresses Plaintiff provides for these Defendants that Defendant Guillard is employed by the City of Monroe Police Department, Defendant Robeson is employed by the Union County District Attorney's Office, and Defendant Rogers is employed by the Union County Jail. [See Doc. 1 at 12].

and Defendant Helms interviewed Plaintiff. After the interview, Defendant Helms arrested Plaintiff for arson. Defendant Helms had obtained a warrant for Plaintiff's arrest the day before. The arrest was based on "mere suspicion, without any physical evidence." [Id. at 14]. Plaintiff was detained at Union County Jail where he was exposed to and contracted COVID-19. The arrest violated Plaintiff's parole and Plaintiff was sent to prison, where Plaintiff suffered other physical and mental injuries. Plaintiff was released from prison on May 24, 2021 and returned to Union County Jail, where he remains now. [Id.].

Plaintiff makes no allegations against Defendants Guillard, Robeson, Rogers, Union County, or the City of Monroe.[2]

Plaintiff purports to assert the following claims relative to the alleged conduct: "unlawful search and seizure, false imprisonment, due process violations[,] violations of rights under the 4th, 5th, 8th, 13th, and 14th Amendments." [Id. at 3].

For relief, Plaintiff seeks $3,285,000.00 in damages. [Id.].

---

[2] Plaintiff appears to assert that the City of Monroe and the Monroe Police Department are the same entity. [Doc. 1 at 2, 12].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A. Defendant Hospital

Plaintiff claims that Defendant Hospital conducted an unlawful seizure of Plaintiff and committed "due process violations," presumably when Defendant Guillen "had hospital workers" remove Plaintiff's clothing using scissors "without a search warrant." [Doc. 1 at 4]. A private hospital is generally not a person acting under of state law as contemplated by 42 U.S.C. § 1983. See Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 181 (4th Cir. 2009). The Fourth Circuit "has identified three situations, however, in which a private party's conduct may constitute 'state action.' A private entity regulated by the state acts under color of state law (1) when there is either a sufficiently close nexus, or joint action between the state and the private party; (2) when the state has, through extensive regulation, exercised coercive power over, or provided significant encouragement to, the private actor; or (3) when the function performed by the private party has traditionally been an exclusive public function." S.P. v. City of Takoma Park,

5

Md., 134 F.3d 260, 269 (4th Cir. 1998).

Here, there is no allegation that Defendant Hospital is regulated by the state. And Plaintiff's allegation that Defendant Guillen "had" hospital workers remove Plaintiff's clothing using scissors is insufficient to place Defendant Hospital's conduct within the realm of state action. This is particularly true where Plaintiff's clothing would have been removed in the course of treatment for smoke inhalation from a fire in any event. Whether, according to Plaintiff, Defendant Guillen asked a private medical treatment provider to perform some act that would have been done anyways does not make the act "committed by a person acting under color of state law." See Atkins, 487 U.S. at 48. As such, the Court will dismiss Defendant Hospital.

### B. Defendant Union County Jail

Plaintiff alleges that Defendant Jail violated his rights under the Eighth Amendment because Plaintiff was exposed to and contracted COVID-19 while he was incarcerated there after being arrested for arson. A jail is not a "person" subject to suit under § 1983. Brooks v. Pembroke Jail, 722, F.Supp. 1294, 1301 (E.D.N.C. 1989). Moreover, even if the Jail were subject to § 1983 liability, Plaintiff has not stated a claim for relief under the Eighth Amendment. That Plaintiff contracted COVID-19 in the midst of a global pandemic, without more, does not evince deliberate indifference. The Court,

6

Case 3:21-cv-00444-MR    Document 10    Filed 10/29/21    Page 6 of 11

therefore, will dismiss Defendant Union County Jail as a Defendant.

### C. Defendants City of Monroe and Union County

A county or other municipality may be held liable under § 1983 only for acts done pursuant to such municipality's policy or custom. See City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S. Ct. 915 (1988); cf. McMillian v. Monroe County, 520 U.S. 781, 784, 117 S. Ct. 1734 (1997) ("[A] local government is liable under § 1983 for its policies that cause constitutional torts."). "For a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978)).

Plaintiff makes no allegations particular to Defendant City of Monroe or Defendant Union County. Plaintiff does not allege that any official policy of these governmental entities was the moving force behind a constitutional violation. Plaintiff, therefore, has failed to state a claim against these Defendants under § 1983. Moreover, Plaintiff's allegations do not support a possible claim against these Defendants, even with amendment. The Court will, therefore, dismiss Defendants City of Monroe and Union County as

Defendants in this matter.

### D. Defendants Guillard, Rogers, and Robeson

Plaintiff makes no factual allegations against Defendant Guillard, Rogers, or Robeson. Plaintiff only vaguely associates these Defendants with certain entity Defendants. Namely, Plaintiff associates Defendant Guillard with the City of Monroe, claiming unlawful search and seizure; Defendant Rogers with the Union County Jail, claiming Eighth Amendment violations; and Defendant Robeson with Union County, claiming Fifth, Sixth, and Fourteenth Amendment violations. Plaintiff, however, makes no allegations of any tortious conduct committed by these individuals. Before dismissing these Defendants, the Court will allow Plaintiff the opportunity to amend his Complaint to state claims against them.

### E. Defendants Helms and Guillen

Plaintiff's remaining claims, which are based on conduct by Defendants Helms and Guillen that resulted in the alleged unlawful search and seizure of Plaintiff and his false imprisonment, are barred by the Younger abstention doctrine. Plaintiff complains that he was falsely accused of arson and alleges that he remains a pretrial detainee, presumably related to these charges. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most

narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). As such, it appears that the Court should abstain from interfering with Plaintiff's ongoing state criminal proceedings.

Should Plaintiff believe that his claims against Defendants Guillen and Helms, and possibly Defendant Guillard, are not barred by Younger, he may amend his Complaint to state claims against these Defendants. In the amended complaint, Plaintiff must re-allege all his claims against all persons he wishes to name as Defendants, and he must allege how each named Defendant personally participated in the alleged constitutional violations.

The Court further advises Plaintiff that his amended complaint must be complete in and of itself. This is because the amended complaint will supersede the original complaint, meaning the original complaint will no longer have any force. In other words, Plaintiff may not amend the complaint "piecemeal"—he simply cannot add on to what he has already alleged in the complaint. To this extent, the Court will instruct the Clerk to mail Plaintiff a

9

Case 3:21-cv-00444-MR Document 10 Filed 10/29/21 Page 9 of 11

new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The Court will dismiss Defendants Atrium Health, Union County, City of Monroe, and Union County Jail with prejudice for the reasons stated in this Order. The Court will allow Plaintiff thirty (30) to amend his Complaint, if he so chooses, to show that <u>Younger</u> does not apply and to otherwise properly state a claim upon which relief may be granted against Defendants Guillen, Helms, Guillard, Robeson, and Rogers. Should Plaintiff fail to timely amend his Complaint in accordance with the terms of this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Defendants Atrium Health, Union County, City of Monroe, and Union County Jail are **DISMISSED** with prejudice as Defendants in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 5] is **DENIED** as moot.

The Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

**IT IS SO ORDERED**.

Signed: October 29, 2021

Martin Reidinger
Chief United States District Judge

11

Case 3:21-cv-00444-MR   Document 10   Filed 10/29/21   Page 11 of 11